UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
ABDUL RAHIM HOWARD,

               Petitioner,       **MEMORANDUM AND ORDER**
                                         Case Nos.   1:04-cr-942(FB)
   -against-                                             1:10-cv-2775(FB)
                                                              1:11-cv-5208(FB)

UNITED STATES,

               Respondent.
---------------------------------------------------x

*Appearances:*
For the Petitioner                           *For the Respondent*
ABDUL RAHIM HOWARD, *pro se*       JOHN DAVID BURETTA
#72346-053                                     United States Attorneys Office
FCI Otisville                                  Eastern District of New York
Federal Correctional Institution      271 Cadman Plaza East
P.O. Box 1000                               Brooklyn, NY 11201
Otisville, NY 10963

**BLOCK, Senior District Judge:**

      Abdul Rahim Howard is currently incarcerated pursuant to the Court's judgment sentencing him to 240 months' imprisonment on convictions for conspiracy to distribute narcotics, management of a drug-related premises and distribution of narcotics near a playground. The judgment was affirmed on appeal. *See United States v. Ramos*, 314 F. App'x 344 (2d Cir. Nov. 20, 2008). On May 3, 2011, the Court denied Howard's first 28 U.S.C. § 2255 motion. On August 16, 2012, the

Court denied Howard's second § 2255 motion.[1]

Howard has since brought a cascade of motions for reconsideration across three separate dockets, all of which have been denied. The Court assumes familiarity with this voluminous record and will reference it as needed. Howard brings four new motions: (1) a July 29, 2016 motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(4) and (b)(6); (2) a November 13, 2016 motion to "withdraw a felony information," under 28 U.S.C. § 851(a); (3) a July 10, 2017 motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(4) and (b)(6); and (4) a motion originally submitted to the Second Circuit as a "Complaint of Error on the District Court" that was redocketed on June 19, 2018, on order of the Second Circuit, as a Rule 60(b) motion for reconsideration.

These motions are denied.

# I

**A.  July 29, 2016 Motion for Reconsideration**

Howard makes two arguments in this motion: first, that he has new evidence that pertains to his prior ineffective assistance of counsel argument; second, that the Court has failed to address his previously made 18 U.S.C. § 3161(c)(2) argument.

Howard's first argument is meritless. He argues that recently-obtained records of

---

[1] Because his first motion was under appeal, the Second Circuit determined his second motion was not successive and consolidated it with the first.

his attorney Mark DeMarco's visits to him at the Metropolitan Detention Center cast doubt on the credibility of DeMarco's testimony at the March 2011 hearing on Howard's first § 2255 motion, at which DeMarco gave "[m]ore than thirty" as a "[b]allpark" estimate of the number of visits. Mar. 31, 2011 Hrg. Tr. at 50. The records reflect 26 visits, for which DeMarco's approximation—made more than five years after the fact—was entirely reasonable. In any event, the number of visits has no relevance to any issue other than DeMarco's credibility, and the Court finds any technical discrepancy too minor to detract from its prior assessment of DeMarco's candor.

Howard next argues that the Court overlooked his § 3161(c)(2) argument, which was originally made in a March 25, 2012 letter seeking to amend the original § 2255 motion to add the argument. After reviewing the record, it appears Howard is correct that the Court never addressed this argument. Howard argues the Court should consider this argument now pursuant to Rule 60(b)(6), which allows a Court to modify a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

1. **Timeliness**

A motion for relief under Rule 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes a reasonable time "is to be determined based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality."

*Thai-Lao Lignite (Thai.) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc. v. Boeing, Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

Howard was reasonably diligent in attempting to draw this argument to the Court's attention. Prior to the present motion, he raised the Court's failure to address the issue in letters, motions, or appeals dated December 31, 2012, December 4, 2013, June 12, 2014, January 20, 2015, and October 21, 2015. Furthermore, the Court sees no prejudice to the United States in considering the motion, nor does it undermine the interests of finality. Therefore, Howard's argument is timely, and the Court will address its merits.

### 2. Section 3161(c)(2)

Howard argues that his prior counsel erred in not seeking a continuance under § 3161(c)(2) after the superseding indictment was filed. Section 3161(c)(2) provides that: "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). Howard argues that this section required a 30-day continuance after he first appeared following his superseding indictment. Because his trial commenced only 23 days after he first appeared after the superseding indictment, he argues that his counsel was deficient in not seeking such a continuance.

The Supreme Court has held that "Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment." *United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985). However, the Court clarified that it did "not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment." *Id.* at 236. Instead, "[t]he Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation," *id.*, which "should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant," *id.*

The Second Circuit has also held that this section does not "divest[] a district court of its discretion to grant or refuse a continuance . . . . When a superseding indictment makes only insubstantial changes in an original indictment . . . a district court may exercise its discretion in proceeding to trial without delay." *United States v. Guzman*, 754 F.2d 482, 486 (2d Cir. 1985).

Inherent in the district court's authority to grant or deny a motion for a continuance is the requirement that such a motion be filed. No such motion was filed here. Thus, the argument was waived. *See Word v. United States*, 616 F. Supp. 695, 697 (S.D.N.Y. 1985), *aff'd* 795 F.2d 1006 (2d Cir. 1986) (holding "[p]etitioner has waived his right to press the § 3161(c)(2) claim on this [§ 2255] motion by not raising it at trial").

5

Therefore, Howard is cabined to arguing that his counsel gave ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by waiving this argument. *Strickland* requires "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland*, 466 U.S. at 668, 687). "A reviewing court must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.'" *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).

Howard has provided no argument or evidence detailing why he believes his counsel needed the extra seven days to be ready to try the case. Nor did his counsel, an experienced and capable defense attorney, make any indication to the Court that he needed extra time. Furthermore, Howard was convicted on three of the four counts on the original indictment but acquitted on all but one of the charges added to the superseding indictment, undercutting his argument that his counsel needed more time to defend these extra charges.

Howard has also repeatedly argued in his habeas motions that *too much* time elapsed under the Speedy Trial Act under § 3161(c)(1). This argument undermines his new contention that his counsel was not given enough time to prepare. *See Word*, 616 F. Supp. at 698 (rejecting *arguendo* petitioner's § 3161(c)(2) claim on the merits, in

6

part, because petitioner also made a § 3161(c)(1) speedy trial argument). Indeed, his counsel may have chosen to forgo the motion for a continuance to accommodate Howard's speedy trial concerns, a decision that would be well "within the wide range of reasonably professional assistance." *United States v. Gaskin*, 364 F.3d at 468. Nor has Howard even attempted to show how he was prejudiced by his counsel's decision; he has not provided any evidence that an additional seven days of preparation would have resulted in a different verdict.

Therefore, Howard's § 3161(c)(2) argument has no merit.

**B.     November 13, 2016 Motion to Withdraw Howard's Felony Information**

Next, Howard moves "to have [his] prior felony information withdrawn pursuant to 28 U.S.C. § 851(a) in the interest of justice and fairness pursuing [sic] to the Holloway Doctrine."  Howard refers to a 2014 case involving Francois Holloway, who had "stole[n] three cars at gunpoint during a two-day span in October 1994." *United States v. Holloway*, 68 F. Supp. 3d 310, 312 (E.D.N.Y. 2014). Holloway was charged with three separate carjacking counts and three separate counts of using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He rejected a deal that would have required him to plead guilty to the carjackings and one § 924(c) count and, at trial, was found guilty on all six counts. The requirement that Holloway's sentence for the § 924(c) charges run consecutively resulted in a sentence of over 57 years' imprisonment. Mindful of these remarkably harsh consequences, Judge Gleeson

7

requested that the Government consent to vacating two of the § 924(c) charges. The Government did so, clearing the way for the court to "give Holloway back more than 30 years of his life." *Id.* at 316.

Howard asks the Court to make a similar request to the Government on his behalf. Specifically, he wants the Government to consent to a resentencing without regard to his 1991 state drug conviction, which triggered a mandatory minimum 20-year term of imprisonment. *See* 21 U.S.C. § 841(b) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .").

The Government opposes the request. Even if it did not, this case does not present the "unique" circumstances faced by Holloway. *Holloway*, 68 F. Supp. 3d at 315. While Howard may share Holloway's strong disciplinary record, Howard's admittedly harsh 20-year sentence is far less draconian than Holloway's 57-year sentence for three carjackings. The Court therefore denies Howard's request for relief under *Holloway*.

## C. July 10, 2017 Motion for Reconsideration

In this motion, Howard seeks relief for four reasons: (1) the Court did not hold an evidentiary hearing for a prior ineffective assistance of counsel motion; (2) his counsel was ineffective by not arguing that the Court failed to follow the procedures of 21

8

U.S.C. § 851(b); (3) his counsel was ineffective for failing to make a vindictive prosecution argument; and (4) the Court has not responded to a prior argument claiming that 21 U.S.C. § 3161(c)(2) was not followed.

The first three arguments have already been repeatedly considered and rejected by the Court, including in its August 16, 2012 order and numerous other orders denying Howard's prior motions for reconsideration. Howard provides no new reasons to reconsider the Court's prior holdings. Therefore, the Court declines to do so. His fourth argument was made in his July 26, 2016 motion for reconsideration and is rejected for the reasons described above. *See supra* at 8. Therefore, Howard's motion for reconsideration is denied.

**D.     June 19, 2018 Motion for Reconsideration**

Howard's final motion makes three arguments that have all been addressed by the Court in prior orders. First, Howard argues that his counsel was ineffective due to his alleged failure to communicate the potential consequences of declining a pretrial plea offer. The Court gave this argument a full evidentiary hearing and rejected it in its May 3, 2011 order. Second, he argues that he was prejudiced by various speedy trial clock violations. This argument has been repeatedly rejected by the Court, including in its November 25, 2013 order. Third, he argues that he was prejudiced by his counsel's failure to insist on a precise definition of the term "playground" as defined under 21 U.S.C. § 860(e). Again, this argument has been repeatedly rejected by the Court,

9

including in its November 25, 2013 order.

Howard provides no new reasons to consider these arguments. Therefore, the Court denies his final motion for reconsideration.

## II

Howard's motions are denied. As Howard has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED**

                                              /S/ Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
August 20, 2018